## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

MICHAEL A. AKERS,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,[1]

                Defendant.

Case No. 12-CV-489-FHM

## OPINION AND ORDER

Plaintiff, Michael A. Akers, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*,

---

[1]  Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  Plaintiff's October 14, 2009, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") David W. Engel was held July 5, 2011. By decision dated September 15, 2011, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on July 20, 2012.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 30 years old on the alleged date of onset of disability and 32 on the date of the ALJ's denial decision.  He has a high school education with some technical training and formerly worked as warehouse worker, ice cream freezer assistant, and landscape laborer.  He claims to have been unable to work since February 1, 2009 as a result of affective mood disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff is able to perform a full range of medium, light and sedentary work.  He is unable to climb ropes, ladders, and scaffold, and is unable to work in environments where he would be exposed to unprotected heights and dangerous moving machinery parts.  He is able to understand, remember, and carry out simple to moderately detailed instructions in a work-related setting and is able to interact with co-workers and supervisors under routine supervision, but is unable to interact with the

2

general public more than occasionally, regardless of whether the interaction is over the telephone or in person.  [R. 20-21].

The ALJ found Plaintiff is capable of performing his past relevant work as a warehouse laborer and as an ice cream freezer assistant.  Alternatively, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed at steps 4 and 5 of the sequential evaluation; failed to properly evaluate the medical source opinions and other source opinion evidence; and failed to perform a proper credibility determination.

## Analysis

### Steps 4 & 5

Plaintiff contends that the ALJ erred at step 4 because Plaintiff's unsuccessful work attempts do not qualify as past relevant work.  The Commissioner concedes that the ALJ erred at step 4.  [Dkt. 18, pp. 3-4].  However, since the ALJ made alternative step 5 findings which the Commissioner argues are supported by substantial evidence, the Commissioner asserts that the step 4 error is harmless.  The court agrees that if the step 5 analysis was performed in accordance with applicable legal standards and is supported

by substantial evidence, any step 4 error cannot, by itself, constitute the basis for a remand.  As a result, the court will not address Plaintiff's step 4 allegations.

In posing a hypothetical question to the vocational expert, among other limitations, the ALJ asked the vocational expert to "assume medium or light or sedentary exertion work."  [R. 60].  Plaintiff argues that the case must be remanded because this portion of the hypothetical question was improper in that it did not contain the required function-by-function assessment of the ability to sit, stand, and walk.  [Dkt. 17, pp. 2-3].  There is no merit to this contention.  The terms medium, light, and sedentary work are terms of art which are defined in the Social Security regulations, 20 C.F.R. §§ 404.1567, 416.967.  By virtue of her expertise, the vocational expert understood the ALJ's use of these terms.  Moreover, Plaintiff did not allege any impairment in his ability to sit, stand, or walk.  At the hearing Plaintiff's counsel, who is the same attorney who filed the briefs in this appeal on Plaintiff's behalf, stated:

> [T]his is primarily a mental limitation type of case. The physical sitting, standing, walking, there's not really any contention about his abilities to do that.

[R. 39].  Where, as here, the claimant has made no allegation of any impairment in the ability to sit, stand, walk, or lift, it is not inappropriate for the ALJ to express the RFC in terms of the ability to perform work at a particular exertional level as defined in the regulations.

Plaintiff also asserts that the ALJ ignored the vocational expert's testimony that there were no jobs Plaintiff could perform if he required constant oversight and direction.  [Dkt. 17, p. 4; R. 61-62].  The court finds that the ALJ did not ignore that testimony.

4

Rather, the ALJ found that Plaintiff did not require constant supervision.[3]  In posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ.  See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990).

Consideration of Opinion Evidence

Plaintiff asserts that the ALJ erred by failing to discuss the uncontroverted evidence he chose not to rely on.  However, Plaintiff has not identified what evidence was uncontroverted or what specific evidence this assertion pertains to.  It is Plaintiff's duty on appeal to support his arguments with references to the record and to tie relevant facts to his legal contentions.  The court will not "sift through" the record to find support for the claimant's arguments.  *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Plaintiff argues that the ALJ erred by failing to mention a mental status form completed by a physician[4] at Grand Lake Mental Health Center where he received treatment from September 2008 to May 2011.  The court finds no error in the ALJ's failure to mention this form.  The form is not contrary to the RFC finding.  The written comments on the form state that Plaintiff has poor ability to relate to others, that Plaintiff works part time with his father, visits friends, and his condition is stable.  [R. 313].  The form also

---

[3] The ALJ's rejection of the requirement of constant supervision is discussed in relation to the ALJ's treatment of the opinion evidence.

[4] The signature is illegible and there is no indication as to who completed the form.

states he displays the ability to think, reason, and respond.  He has friends, needs continued therapy and medication compliance, has a guarded prognosis, can remember, comprehend and carry out simple and complex instructions on an independent basis and can respond to work pressure, co-workers, and supervisors.  *Id*.  Bi-polar is listed as the diagnosis and the person who completed the form indicated Plaintiff cannot handle his own funds.  *Id*.  The information that Plaintiff has a guarded prognosis and relates poorly with others does not indicate an inability to perform work-related tasks in light of the fact that the same form expresses that Plaintiff has the ability to carry out instructions on an independent basis and can respond to work pressure and supervision.  The court finds that this form supports the ALJ's RFC finding and therefore the ALJ's failure to mention the form is not error.  *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004)(the need for express discussion of evidence is weakened when the evidence does not conflict with the ALJ's conclusion).

Plaintiff asserts that the ALJ found the mental RFC assessment by Dr. Peteryne Johnson-Miller conclusory but due "great weight."  [Dkt. 17, p. 6].  Since the ALJ stated he gave Dr. Johnson-Miller's opinion "very little weight," [R. 26], it may be that Plaintiff was attempting to assert that the opinion should have been accorded "great weight."  However, Plaintiff's argument about Dr. Johnson-Miller's opinion seems to repeat that the ALJ gave the opinion "great weight."  The fact is that the ALJ did <u>not</u> accord the opinion "great weight."  In any case, the court makes the following observations about the ALJ's treatment of Dr. Johnson-Miller's opinion.

The ALJ mentioned Dr. Johnson-Miller's opinion, including the notation that Plaintiff reported he could not respond appropriately to work pressure, supervision and co-workers.

[R. 24, 25].  The ALJ noted that the opinion was conclusory with little explanation of the evidence relied on in forming the opinion.  [R. 25].  The ALJ thus gave adequate reasons for excluding Dr. Johnson-Miller's opinions from the RFC.  The ALJ also made comments about the possibility that the doctor rendered an opinion in an effort to assist her patient or because Plaintiff may have been insistent and demanding of supportive notes or reports. [R. 25].  Plaintiff asserts that in making this comment the ALJ engaged in improper speculation.  [Dkt. 17, p. 6].  The court reads the ALJ's comments in context with the qualifier contained in Dr. Johnson-Miller's opinion that some of the limitations were "per client's report."  [R. 448].  In light of Dr. Johnson-Miller's qualification of her opinion, the court finds that the ALJ's comments do not provide a basis for reversal.

The record contains a Mental Status Form completed on November 4, 2009 by Randy Caswell, a licensed professional counselor and psychological clinician III. [R. 258]. Mr. Caswell described Plaintiff as immature and stated he does not relate to others well, cannot stay focused and does not handle stress well.  *Id*.  It was Mr. Caswell's opinion that Plaintiff can remember, comprehend and carry out instructions in an independent basis with some simple tasks "but when pertaining to life issues, maintaining finances, keeping a job, etc. – no he cannot."  *Id*.  Further, Mr. Caswell states, Plaintiff has never kept a job, cannot handle work pressure or responsibility, and would need constant direction and oversight to be able to have a job.  *Id*.  The ALJ acknowledged this opinion, [R. 23], and stated certain aspects of Mr. Caswell's opinion are consistent with the RFC and therefore the opinion was given some weight.  [R. 25].

Plaintiff argues that the ALJ erred in his treatment of Mr. Caswell's opinion because the ALJ did not include all of Mr. Caswell's statements in the summary of the evidence.

7

The court finds no error in the ALJ's summary of Mr. Caswell's opinion, the ALJ is not required to quote the record verbatim. *See e.g. Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)(ALJ is not required to discuss every piece of medical evidence in detail). Plaintiff also states that the ALJ failed to explain which of Mr. Caswell's opinions he granted weight, which he rejected, and how the opinion was weighed.  Reading the decision as a whole, it is obvious that the aspect of Mr. Caswell's opinion that he accepted was that Plaintiff can understand, remember, and carry out simple tasks as the RFC contains the ability to carry out simple to moderately detailed instructions.  [R. 21].  It is also obvious that the ALJ rejected Mr. Caswell's opinion that Plaintiff could not handle work pressure or responsibility, and that he would need constant direction and supervision as those restrictions were not included in the RFC.

The ALJ did not express the reasons why he rejected Mr. Caswell's opinion that Plaintiff would need constant supervision.  Plaintiff correctly points out that Social Security Ruling (SSR) 06-3p, 2006 WL 2329939 requires that opinions, even from those who are not "acceptable medical sources," be evaluated and weighed.  According to SSR 06-3p, information from those who are not "acceptable medical sources" cannot establish the existence of a medically determinable impairment, but information from these "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment and how it affects the ability to function.  *Id*. at *2. Accordingly, SSR 06-3p instructs that information from "other sources" should be evaluated on the basis of how long the source has known the claimant and how frequently the source has seen the individual, the consistency with the other evidence, the degree to which the source presents relevant evidence to support an opinion, how well the source explains the

8

opinion, whether the source has a particular expertise related to the individual's impairment, and any other factors that tend to support or refute the opinion.  *Id*. at * 5.

Plaintiff has not pointed to anything in the record that indicates Mr. Caswell had a relationship with Plaintiff that would provide him with particular insight into Plaintiff's abilities.  Mr. Caswell's name does not appear in the medical record, except on the November 4, 2009 Mental Status Form.  [R. 258].  The record reflects that from September 2008 to May 2011, Plaintiff's therapy was provided by Grand Lake Mental Health Center, [R. 336-355; 358-405],  but there are no entries in those records by "Randy Caswell."  The name "Randy Caswell" does not appear on the list of care providers for Grand Lake Mental Health Center dated September 10, 2009.  [R. 271].  Further, the name "Randy Caswell" does not appear on the "treatment team" for Northcare Mental Health Center where Plaintiff was treated from August 2007 to January 2008, [R. 235], nor does that name appear elsewhere in those records, [R. 209-257; 410-445].  There is, in fact, no evidence in the record to suggest that "Randy Caswell" is associated with any clinic or mental health care provider that served Plaintiff.[5]  Plaintiff's arguments regarding Mr. Caswell's opinion consist solely of the assertion that the ALJ failed to appropriately weigh the opinion in accordance with the factors suggested in SSR 06-3p.  Were the court to remand the case for the ALJ to engage in the weighing process, there would be nothing for the ALJ to say because the record is absent of any evidence that Mr. Caswell participated in Plaintiff's treatment.  In view of the absence of such evidence, the court finds no error in the ALJ's

---

[5]  The request letter from the Commissioner which enclosed the blank Mental Status Form to be completed was sent to Mr. Caswell at a private residential address in Jenks, Oklahoma.  [R. 260].  An Oklahoma DDD Medical Evidence Record Invoice was directed to the same address with "Randy Caswell" as the "medical records source."  The "remittance source" is listed as "Randy Caswell" with an address in Sapulpa, Oklahoma which is the Creek County Health Department.  [R. 259].

treatment of Mr. Caswell's opinion.  The Tenth Circuit has counseled that the court should exercise common sense and not insist on technical perfection.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

The court is well aware of the limitations in the scope of its review and is also aware that it may not supply post hoc justifications for lapses in the Commissioner's decision. However, under the unusual circumstances presented in this case where the record contains absolutely no basis for crediting the opinion of someone who is not an "acceptable medical source," the court finds that remand is not necessary and it would be wasteful to remand the case for the ALJ to point that out.

There is no merit to Plaintiff's contention that the case should be reversed because the ALJ did not expressly discuss or weigh the opinions of the state Disability Determination Service reviewing experts, Joan Holloway, Ph.D., and Cynthia Kampschaefer, Psy.D.  Plaintiff asserts that "[t]he ALJ should explain why he disagrees with his 'highly qualified' experts."  [Dkt. 17, p. 8].  Those experts did not express opinions favorable to Plaintiff.  In fact, they were of the opinion that Plaintiff did not have a severe impairment.  [R. 322, 356-57].  The ALJ's alleged error in failing to express what weight he gave these expert opinions did not prejudice Plaintiff because giving greater weight to these opinions would not have helped Plaintiff.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012)(finding no prejudice where ALJ failed to assign weight to an opinion that did not help Plaintiff).

## Credibility

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.

However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).  The ALJ cited numerous grounds tied to the evidence for the credibility finding, including: Plaintiff's continued non-compliance with his medications when his ability to concentrate and impulsiveness improve on medications; Plaintiff's poor work history even before the date of alleged onset of disability; and the inconsistency between Plaintiff's activities and the alleged limiting effects of his mood disorder.  [R. 24-25].  The ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding.  The court views those arguments as an invitation to engage in impermissible reweighing of the evidence.  As the Tenth Circuit has instructed, the court must decline that invitation.  *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

## Conclusion

The court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 21st day of August, 2013.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

11